UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STACIE JEFFERS,

    **Plaintiff,**

v.

    Case No. 2:17-cv-61
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Kimberly A. Jolson

NETJETS SERVICES, INC.,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss by Defendant, NetJets Services, Inc. ("NetJets" or "Defendant") (ECF No. 7), Plaintiff's Memorandum in Opposition (ECF No. 10), and Defendant's Reply in Support. (ECF No. 13.) For the reasons that follow, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff, Stacie Jeffers ("Plaintiff"), is a former employee of Defendant, Netjets, an aviation services company. In January 2014, Plaintiff began working full-time as an Owner Services Representative for Defendant. (Am. Compl. ¶ 10, ECF No. 4.) Around July of 2015, Plaintiff became a Crew Support Representative and remained in that position until her last day in December of 2016. (Am. Compl. ¶ 13.)

In early December of 2016, Plaintiff alleges that she was paid the incorrect amount of overtime pay. (Am. Compl. ¶ 22.) On December 9, 2016, Plaintiff approached two supervisors to convey her belief that she was not paid the correct amount of shift differential and overtime on a particular check. (Am. Compl. ¶ 23.) One of the supervisors told Plaintiff to contact the

1

Payroll Department about her concern and on the same day, Plaintiff emailed Payroll and expressed her belief that her check was incorrect. (Am. Compl. ¶¶ 25–26.) In the email, Plaintiff asserted that she had worked twelve hours of overtime between November 20, 2016 and November 25, 2016, stating, "I worked 12 hours of overtime, 0 regular hours, and used 32 hours of vacation and should have had 16 holiday hours for Thanksgiving and the day after." (Def.'s Exhibit 2 at 1, ECF No. 7-2.)[1] She further claimed that for the week of November 27, 2016 through December 3, 2016 she worked "40 regular hours and had 13 hours of overtime."

On December 12, 2016, Defendant notified Plaintiff that "she was suspended and being investigated for hanging up on crew members . . . ." (Am. Compl. ¶¶ 27–28.) On Wednesday, December 14, 2016, Defendant called Plaintiff and told her that an investigation had been conducted and that she was terminated for hanging up on crew members. (Am. Compl. ¶¶ 29–30.)

On December 20, 2016, Plaintiff received an email from Defendant admitting that Defendant had not paid the proper shift differential and that Defendant was going to remedy the situation. (Am. Compl. ¶ 32.) On January 6, 2017, Plaintiff received payment in the amount of $159.68 from Defendant which, "was intended to compensate her for all of 2016." (Am. Compl. ¶ 33.) Plaintiff contends that $159.68 was insufficient to compensate her for 2016. (Am. Compl. ¶ 33.)

---

[1] Plaintiff repeatedly references the December 9, 2016 email Defendant attached to the Motion to Dismiss. (Am. Compl. ¶¶ 23, 26.) Although courts cannot generally "consider 'matters outside of the pleadings' when deciding a motion to dismiss, there are several exceptions to this general rule." *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich.*, 655 F. App'x 483, 486 n.3 (6th Cir. 2016) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). When deciding a motion to dismiss a court "can consider documents not attached to the plaintiff's complaint when those documents are referenced in the complaint and central to the plaintiff's claim. *Id.* Thus, the Court may reference the December 9, 2016 email.

Plaintiff alleges that she engaged in a protected activity under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, when she informed Defendant that she believed it failed to properly compensate her "the correct amount of shift differential and failed to pay her the required overtime pay as required by law." (Am. Compl. ¶ 45.) Plaintiff asserts that Defendant retaliated by terminating her. (Am. Compl. ¶¶ 48-49.)

Defendant moves to dismiss Plaintiff's FLSA claim, asserting that Plaintiff's complaints did not constitute protected activity.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.,* Case No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978)). Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998).

## III. LAW AND ANALYSIS

It is unlawful for an employer "to discharge or . . . discriminate against any employee because such employee has filed any complaint or instituted . . . any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). An FLSA retaliation claim follows the burden-shifting framework under *McDonnell Douglas*

> To establish a prima facie case of retaliation, an employee must prove that (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Adair v. Charter County of Wayne*, 452 F.3d 483, 489 (6th Cir. 2006). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employee establishes a prima facie case, then the burden shifts to the employer to put forth a legitimate, non-retaliatory reason for the adverse employment action. *Id.* If the employer meets the burden, then the employee must establish that the employer's reason was merely a pretext for retaliation. *Id.*

### A. Protected Activity

An employee engages in a protected activity under the FLSA if the person has "filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. 215(a)(3). The "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). It is the employee's assertion of statutory rights under the FLSA that satisfies engaging in a protected activity, not the form of the complaint. *Harris v. River Rouge Housing Commission*, Case No. 2:11-cv-14030, 2013 WL 1314961, at *5 (E.D. Mich. March 29, 2013); *See also EEOC*

*v. Romeo Community Schools*, 976 F.2d 985, 989 (6th Cir. 1992) (holding that FLSA anti-retaliation protection can be triggered by the unofficial or informal assertion of statutory rights).

To establish that a plaintiff engaged in a protected activity there must be sufficient proof that [the employee] had a subjective belief that [the employer] was violating FLSA and that such a belief was objectively reasonable." *Id.* at 876. "Even if an employer has the requisite notice, a complaint will only trigger FLSA protection if the employee lodges his complaint in good faith and with an objectively reasonable belief that the employer's conduct is unlawful." *Id.* (quoting *Barquin v. Monty's Sunset, L.L.C.*, 975 F.Supp.2d 1309, 1314 (S.D. Fla. 2013).

Defendant asserts that Plaintiff's allegations do not constitute protected activities under the FLSA because her allegations regarding overtime compensation were objectively unreasonable.[2] Plaintiff asserts that she was owed overtime compensation for only twelve hours of time she actually worked when she had also taken vacation leave. According to Defendant, she incorrectly counted her vacation and holiday hours as "hours worked." Defendant argues Plaintiff's complaint is not protected because the FLSA only protects actual time worked. (Def.'s Mot. to Dismiss at 3, ECF No. 7.)

"[T]he FLSA does not require payment for absence of work for vacation, holiday, illness or any other reasons." *Morgan v. Del Glob. Techs. Corp.*, No. 3:05-CV-123, 2007 U.S. Dist. LEXIS 84638, at *47 (S.D. Ohio Oct. 29, 2007) (finding employee's FLSA complaint asserting employer violated the FLSA when it failed to pay for time not worked such as vacation pay "not

---

[2] Plaintiff originally asserted a claim under FLSA based on the shift differential; however she concedes that her allegation, standing alone, would not constitute a protected activity under the FLSA. (Pl.'s Resp. in Opp'n at 4, ECF No. 10.) Because there is no dispute that Plaintiff's allegations about base compensation and shift differential are not protected under the FLSA, this court need not address the issue.

5

supported by the FLSA.") (citing *Boll v. Fed.Res. Bank of St. Louis*, 365 F. Supp. 637, 647 (E.D. Mo. 1973), *aff'd*, 497 F.2d 335 (8th Cir. 1974)).

Other courts have similarly found overtime complaints for hours not actually worked were not "objectively reasonable." For example, the Eastern District of Michigan held an employee's complaint objectively unreasonable where the complaint concerned not receiving pay for hours spent completely off task. *See Spiteri v. AT&T Holdings, Inc.*, 40 F. Supp. 3d 869, 876–77 (E.D. Mich. 2014). In *Spiteri*, an employee with lower back pain was provided with extra break time to accommodate his pain. *Id.* at 872. However, the employer required that the employee work extra hours every day to make up for the time spent on the additional breaks. *Id.* The employee brought an FLSA suit alleging he was being required to work extra hours for which he was being denied compensation. *Id.* at 875–76. The Court determined that because the FLSA does not provide for payment for non-productive time "[i]t is not objectively reasonable to believe that one should be paid for eight hours of work while spending a third to a quarter of that time on personal breaks." *Id.* at 876 ("The Court concludes that it was not objectively reasonable for Plaintiff to believe that he should be paid for the time that he spent completely off task, walking around and stretching. . . ."); *see also Barquin v. Monty's Sunset, L.L.C.*, 975 F.Supp.2d 1309, 1315 (holding "it is not objectively reasonable for employees who did not work overtime to complain of payment for overtime work."); *Burnette v. Northside Hosp.*, 342 F.Supp.2d 1128, 1133 (N.D. Ga. 2004) ("As under Title VII and other employment discrimination statutes, the complaining employee must have an objectively reasonable, good-faith belief that the employer's conduct [violated the FLSA]").

Furthermore, the Defendant points to federal regulations which provides that vacation and holiday hours "may not be credited toward overtime compensation due under the [FLSA]," in argument that Plaintiff's complaint was not objectively reasonable. 29 C.F.R. § 778.219(a).

Accordingly, Defendant's contention that Plaintiff's complaint for overtime during the week of November 20 through November 25, where Plaintiff only worked twelve hours, is well taken. It is not objectively reasonable to count vacation and holiday hours towards hours worked in assertion that Plaintiff was due overtime compensation. Plaintiff, however, also complained that she was not paid for the correct amount of overtime for the week of November 27 through December 3. In that week she contends that she worked forty hours of regular pay and thirteen hours of overtime but did not receive the correct amount of overtime compensation. (Am. Compl. ¶ 45; Pl.'s Resp. in Opp'n at 7.) She also asserts that her earlier complaints to her supervisors concerned the week of November 27 overtime pay. (Pl.'s Resp. in Opp'n at 6.) Accordingly, Plaintiff asserts that because she actually worked overtime hours during the week of November 27, 2016, it was objectively reasonable for her to question whether she was paid the correct amount. Therefore, to the extent Plaintiff's complaint pertained to the week of November 27, 2016, she engaged in an FLSA protected activity. *Adair*, 452 F.3d at 489 ("Filing a cause of action seeking overtime pay . . ." is an FLSA protected activity).

Here, neither party disputes that Plaintiff had a good faith subjective belief that Defendant violated the FLSA. To the extent Plaintiff's complaint for overtime hours was based on hours actually worked, the Court finds that her complaint objectively reasonable. Overtime compensation is a right protected by the FLSA, thus plaintiff can establish that she engaged in a protected activity under the FLSA. Moreover, a week after lodging her informal complaint, Plaintiff was terminated from Defendant's employment. Viewing the evidence in the light most

favorable to Plaintiff, it is plausible that Defendant discharged her in retaliation for engaging in a protected activity. Defendant's motion is, therefore, **DENIED**.

### IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

2-27-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**